395-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
MITSIDES PUBLIC COMPANY LIMITED
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)



**07 CIV 8015**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MITSIDES PUBLIC COMPANY LIMITED,    07-Civ (   )

                    Plaintiff,    **VERIFIED COMPLAINT**

- against –

SANMONTANA SHIPPING LIMITED,

                    Defendant.

-----------------------------------------------------------------x

      Plaintiff, MITSIDES PUBLIC COMPANY LIMITED (hereinafter "MITSIDES"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SANMONTANA SHIPPING LIMITED (hereinafter "SANMONTANA") alleges upon information and belief as follows:

      1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of carriage as reflected in a bill of lading. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and

NYDOCS1/288559.1

Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, MITSIDES was and still is a foreign business entity duly organized and existing under the laws of the Republic of Cyprus with an address 34-38 Nikiforos Fokas Avenue, P.O.Box 21778, 1513 Nicosia, Cyprus.

3. At all times relevant hereto, SANMONTANA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at 12-13 Vinicenty Buildings, Strait Street, Valetta vlt-08, Malta.

4. MITSIDES is the endorsee and the lawful holder of Bill of Lading No. 1 issued on July 29, 2005 ('the Bill of Lading").

5. Pursuant to the Bill of Lading, SANMONTANA, as owner of the M/V EKATERINA, acknowledged the receipt of 3,058.07 M/T of Russian milling wheat, crop 2004 ("the Cargo") at Rostov-on-Don, Russia for shipment onboard the vessel to Larnaca, Cyprus.

6. The Bill of Lading expressly stated that the Cargo was "clean on board" and "in apparent good order and condition."

7. The Bill of Lading also expressly incorporated the terms, conditions, liberties and exceptions of a charterparty on an amended GENCON form dated July 12, 2005 and made between SANMONTANA, as owner, and Agriko S.A.S., as charterers, ("the Charter Party").

8. Pursuant to the Bill of Lading and the Charter Party, MITSIDES was and is at all material times the owner of and/or entitled to immediate possession of the Cargo, and SANMONTANA owed MITSIDES the duties of bailees and a duty of care in tort.

9. The M/V EKATERINA berthed at Larnaca on August 12, 2005 and commenced discharge of the Cargo. The discharge operations, however, revealed that the Cargo arrived in a wet-damaged condition.

10. The cause of the damage to the Cargo was the leakage of water from the vessel's double bottom ballast tanks into the cargo holds. The plating separating the holds from the double bottom ballast tanks contained holes and was rusty and worn, such that the double bottom ballast tanks were not watertight.

11. As the Cargo was delivered in a wet-damaged condition, it was not delivered in like good order and condition as shipped. SANMONTANA, therefore, breached its duties as bailees of the Cargo and it is liable to MITSIDES for said damage.

12. Further or alternatively, the cause of the damage to the Cargo was SANMONTANA's breaches of the contract of carriage contained in or as evidenced by the Bill of Lading.

13. Pursuant to the terms of the Bill of Lading and Charter Party, all disputes are subject to London arbitration, with English law to apply. MITSIDES has commenced arbitration proceedings against SANMONTANA in London. MITSIDES specifically reserves its right to arbitrate the merits of its dispute with SANMONTANA pursuant to the terms of the Bill of Lading and the Charter Party.

14. This action is brought to obtain jurisdiction over SANMONTANA and/or to obtain security in favor of MITSIDES in respect to its claim/damages to the Cargo and related expenses associated with dealing with the damaged Cargo for a total sum of $160,067.15, including but

not limited to interest, MITSIDES' anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claim under English law.

15. Upon information and belief, SANMONTANA is making and/or receiving payments through its agent, Popov Shipmanagement Ltd., which operates out of the same office as SANMONTANA. Under such circumstances, Plaintiff should be permitted to restrain property of SANMONTANA being transmitted in the name of its agent.

16. Upon information and belief, and after investigation, Defendant SANMONTANA cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (hereinafter, "ASSETS"), including but not limited to "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit in the name of its agent, Popov Shipmanagement Ltd.., at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

17. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by MITSIDES against SANMONTANA includes:

    a. The claim for damage to Cargo and associated expenses in the sum of $160,067.15;

b. Interest of $27,477.03 on the above items, calculated at the rate of 8 % per annum, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

c. Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $150,000;

For a total sought to be attached in the sum of **$337,544.18**.

WHEREFORE, Plaintiff MITSIDES PUBLIC COMPANY LIMITED prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against it in the principal amount of $160,067.15 plus interest, costs and attorneys fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claim of **$337,544.18** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant or as may be held, received or transferred for its benefit in the name of its agent POPOV SHIPMANAGEMENT LTD. at, moving through, or being transferred and/or wired to or from banking institutions or such

other garnishees who may be served with a copy of the Process of Attachment issued herein; and

c. That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
September 12, 2007

                FREEHILL HOGAN & MAHAR, LLP
                Attorneys for Plaintiff
                MITSIDES PUBLIC COMPANY LIMITED

By: _____
     Michael E. Unger (MU 0045)
     Manuel A. Molina (MM 1017)
     80 Pine Street
     New York, NY 10005
     (212) 425-1900
     (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
12th day of September, 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/288559.1                         7